# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

STEVEN DESISTO,

    Petitioner,

v.

T. LEMON,

    Respondent.

Case No. EDCV 18-0537-FMO (JEM)

ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE

On March 16, 2018, Steven DeSisto ("Petitioner"), a prisoner in state custody proceeding pro se, filed a request for an extension of time to file a petition for writ of habeas corpus ("Request"). It appears that Petitioner seeks this extension to avoid the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner states that he did not receive notice of the California Supreme Court's denial of his petition for review for several months and, therefore, he is entitled to equitable tolling of the statute of limitations and he needs additional time to prepare his federal habeas petition. Petitioner does not give any information regarding the nature of his habeas claims.

For the reasons set forth below, the Request is denied and this matter is dismissed without prejudice.

**DISCUSSION**

I. <u>**Duty to Screen**</u>

This Court has a duty to screen habeas corpus petitions. <u>See</u> Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. <u>Id.</u>; <u>see also</u> Local Rule 72-3.2.

II. <u>**The Court Lacks Jurisdiction Over This Matter**</u>

"'The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and 'a federal court [lacks] the power to render advisory opinions.'" <u>U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc.</u>, 508 U.S. 439, 446 (1993) (quoting <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975)); <u>see also</u> <u>Flast v. Cohen</u>, 392 U.S. 83, 94 (1968) ("The jurisdiction of federal courts is defined and limited by Article II of the Constitution. . . . [T]he judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'").

Petitioner has not filed a federal habeas petition challenging his conviction or sentence. There is no concrete dispute for the Court to adjudicate. Petitioner essentially seeks an advisory opinion regarding the potential timeliness of any federal habeas petition that he might file in the future, which the Court lacks the authority to issue. <u>See</u> <u>Calderon v. Ashmus</u>, 523 U.S. 740, 746-748 (1998) (no justiciable question where petitioners seek advance ruling on statute of limitations defense; actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have his state-imposed conviction or sentence set aside).

If Petitioner files a federal habeas petition in the future, and if the respondent challenges the timeliness of that petition, Petitioner may choose to seek equitable tolling of the limitations period in light of his allegations regarding lack of notice of the California Supreme Court's order denying review. The one-year statute of limitations set forth in 28

U.S.C. § 2244(d)(1) is subject to equitable tolling if a petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 651-52 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  However, the Court cannot determine whether Petitioner would be entitled to equitable tolling at this stage of the proceedings.

Thus, the Petition should be dismissed without prejudice for lack of jurisdiction because Petitioner has not established the existence of a case or controversy within the meaning of Article III.

### III. **A Certificate of Appealability Is Denied**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  For the aforementioned reasons, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).  Accordingly, a certificate of appealability is denied.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: March 22, 2018

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE